NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERRICK BAER,<br><br>Defendant. | Criminal Action No.: 2:15-cr-00417<br><br>OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

Defendant Derrick Baer ("Defendant") has been indicted for receiving child pornography and possessing child pornography. Presently before the Court is Defendant's omnibus motion. (ECF No. 64). The Government opposed the motion, (ECF No. 67), and the Court held oral argument. (ECF No. 74 ("Tr.")). The Court has considered the submissions made in support of and in opposition to the instant motion. For the reasons set forth below, Defendant's motion is granted in part, and denied in part as moot or premature.

II. **BACKGROUND**

The Court will only recite relevant facts for the purposes of this Opinion. "On August 20, 2015, a federal grand jury returned a two-count indictment charging . . . [D]efendant with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)." (ECF No. 67 at 2). On September 9, 2015, the Court entered an order for discovery and inspection, which sets forth the times by which the Government must disclose certain evidence to Defendant. (ECF No. 18). The order also explains that "[a]ny duty of disclosure and discovery set forth herein is a continuing one and the attorneys for all parties shall produce any additional discoverable information." (*Id.* at 4).

## III. DISCUSSION

Defendant raises four issues in his omnibus motion, which the Court will address below.

### A. *Brady* and *Giglio* Material

"In *Brady v. Maryland*, the Supreme Court held that 'the suppression of evidence by the prosecution favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.'" *United States v. Tejada*, No. 12-312, 2013 WL 3786299, at *5 (D.N.J. July 17, 2013) (quoting 373 U.S. 83, 87 (1947)). "Subsequently, in *United States v. Augurs*, the Supreme Court held that the Government has an affirmative duty to disclose exculpatory evidence irrespective of the defendant's actions." *Id.* (citing 427 U.S. 97, 107 (1976)).

The Government has correctly denoted that "[t]he Court's September 9, 2015 Discovery Order already requires the Government to comply with its *Brady* obligations." (ECF No. 67 at 3). Moreover, the Government represents that it "is aware of this requirement and it has fully complied with its obligations. The Government will continue to comply should any exculpatory material come into its possession." (*Id.*). In light of this Court's September 9, 2015 Discovery Order, as well as the Government's representations, Defendant's request that this Court order the disclosure of *Brady* material is denied as moot.

"In *Giglio v. United States*, the Supreme Court imposed upon prosecutors the obligation to disclose information relevant to the credibility of prosecution witnesses." *Tejada*, 2013 WL 3786299, at *5. Here, Defendant has moved for an order requiring the Government to disclose *Giglio* material.

"It is well settled that '[t]he purpose of requiring disclosure of impeachment information is not to assist the defense in a general pretrial investigation, but only to give the defense an

2

opportunity to effectively cross-examine the Government's witnesses at trial.'" *Id.* (quoting *United States v. Giampa*, 904 F. Supp. 235, 281 (D.N.J. 1995)).

The Court's September 9, 2015 Discovery Order requires the Government to produce all *Giglio* material "sufficiently in advance of the witness's testimony to avoid delay in the trial." (ECF No. 18 at 4). Moreover, the Government has agreed to "voluntarily disclose all *Giglio* material . . . not later than three calendar days prior to each witness's testimony." (ECF No. 67 at 3-4). Based on the foregoing, Defendant's request that this Court order the disclosure of *Giglio* material is denied as moot.[1]

### B. Federal Rule of Evidence 404(b)

"Under Federal Rule of Evidence 404(b), evidence of a crime, wrong, or other act 'may be admissible . . . [for the purpose of] proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Tejada*, 2013 WL 3786299, at *6 (quoting Fed. R. Evid. 404(b)(2)). "Upon the request of the defendant in a criminal case, 'the prosecutor must (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial—or during trial if the Court, for good cause, excuses the lack of pretrial notice.'" *Id.* (quoting Fed. R. Evid. 404(b)(2)(A)-(B)).

The Court's September 9, 2015 Discovery Order requires the Government to produce all Rule 404(b) evidence "not less than ten (10) calendar days prior to the date of trial," (ECF No. 18 at 4), which the Government has represented it will abide by. (ECF No. 67 at 4). Further, during oral argument, the Court set a schedule for motions in limine, (Tr. 7:12-17), and the Government stated that it intends to file "at least one in limine motion" pertaining to Rule 404(b) evidence. (*Id.*

---

[1] The Court notes that although not listed in Defendant's table of contents, Defendant's omnibus motion includes a Point V at the very end of his brief, which appears to be identical to Defendant's Point I, discussed above. As Point V appears to have been incorporated in error, the Court will disregard Point V as duplicative of Point I.

3

5:9-21). Accordingly, Defendant's request that this Court order the disclosure of Rule 404(b) evidence is denied as moot.[2]

### C. Jencks Act Material

"The Jencks Act sets forth that 'in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by the Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.'" *Tejada*, 2013 WL 3786299, at *6 (quoting 18 U.S.C. § 3500(a)). "Although the Government does not have an obligation to disclose Jencks Act material before the conclusion of direct examination, courts may encourage 'early disclosure to obviate trial interruptions.'" *Id.* (citations omitted).

The Court's September 9, 2015 Discovery Order requires the Government to produce all Jencks Act material "sufficiently in advance of the witness's testimony to avoid delay in the trial." (ECF No. 18 at 4). Further, the Government has agreed to "voluntarily produce Jencks material at least three days before the testimony of each witness." (ECF No. 67 at 6). Based on the foregoing, Defendant's request that this Court order the disclosure of Jencks Act material is denied as moot.[3] Moreover, the Government's request "that defense counsel similarly provide advance

---

[2] To the extent that Defendant contends that the Court should, at this stage, sustain Defendant's objections to the introduction of certain Rule 404(b) evidence at trial, the Court notes that such an argument is premature because the Government has not yet moved to introduce any Rule 404(b) evidence. As discussed above, the Court has set a schedule for motions in limine. If the Government moves to introduce Rule 404(b) evidence in its motion in limine, Defendant shall raise his objections in an opposition to such motion.

[3] Although Defendant requests that the Government produce Jencks Act material "seven days prior to trial," (ECF No. 64-1 at 11), "the Government does not have an obligation to disclose Jencks Act material before the conclusion of direct examination." *Tejada*, 2013 WL 3786299, at *6. Pursuant to its voluntary agreement, the Government will produce Jencks Act material at least three days before the testimony of each witness. Nevertheless, the Government is encouraged to produce Jencks Act material in advance of the agreed time frame if needed to avoid delays at trial.

4

production of Jencks material prior to the testimony of defense witnesses," (ECF No. 67 at 6), is also denied as moot, as the Court's September 9, 2015 Discovery Order requires that "the defense shall produce 'reverse Jencks' statements sufficiently in advance of the witness's testimony to avoid delay in the trial." (ECF No. 18 at 4).

Additionally, "[t]he Third Circuit has held that 'the rough interview notes of . . . agents should be kept and produced so that the trial court can determine whether the notes should be made available to the appellant under the rule of *Brady*.'" *Tejada*, 2013 WL 3786299, at *7 (quoting *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977)). The Government has represented that "[t]he officers and agents involved in the prosecution of this case have already been advised of their obligation to preserve notes of interviews, conversations, and meetings and handwritten drafts of reports." (ECF No. 67 at 6-7). As such, Defendant's request for an order requiring agents to preserve contemporaneous rough notes, drafts of reports, and final reports, is denied as moot.[4]

### D. Additional Motions

Defendant's request for leave to file additional motions is granted. The Government's request to be able to respond to such motions is also granted.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion is granted in part and denied in part as moot or premature. An appropriate Order accompanies this Opinion.

DATED: May 10, 2018

CLAIRE C. CECCHI, U.S.D.J.

---

[4] Despite the Government's contention, there is no indication from Defendant's motion that he is seeking the production of rough notes at this stage. (ECF No. 64-1 at 6 ("[D]efendant specifically requests that the government be required *to retain* any contemporaneous rough notes . . . .") (emphasis added); *id.* at 11 ("The accused now moves before this court to compel the government *to preserve and retain* three categories of documents . . . .") (emphasis added)).

5