NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | Criminal Action No.: 2:15-cr-00417 |
|---|---|
| Plaintiff, | |
| v. | OPINION |
| DERRICK BAER, | |
| Defendant. | |

**CECCHI, District Judge.**

I. **INTRODUCTION**

Defendant Derrick Baer ("Defendant") has been indicted for receiving child pornography and possessing child pornography. Presently before the Court is Defendant's motion for reconsideration of the Court's May 2, 2018 opinion denying Defendant's motion for a *Franks* hearing. (ECF No. 77). The Government opposed the motion, (ECF No. 81), and Defendant replied. (ECF No. 83). The Court has considered the submissions made in support of and in opposition to the instant motion. For the reasons set forth below, Defendant's motion is denied.

II. **BACKGROUND**

The Court incorporates by reference the factual background of its May 2, 2018 opinion, (ECF No. 75), and will only recite relevant facts for the purposes of this Opinion. On May 2, 2018, the Court entered an opinion denying Defendant's motion for a *Franks* hearing. (*Id.*). In its opinion, the Court explained that "Defendant [failed to] ma[k]e a substantial preliminary showing that Sergeant Robb knowingly or recklessly included false statements in or omitted facts from the Affidavit." *United States v. Baer*, No. 15-417, 2018 WL 2045991, at *6 (D.N.J. May 2, 2018). The court also held that "[e]ven if, assuming *arguendo*, Sergeant Robb did knowingly or recklessly include false statements in or omit facts from the Affidavit, the Court does not find that the alleged false statements or alleged omitted facts were necessary to the finding of probable cause." *Id.*

On May 10, 2018, Defendant filed a motion for reconsideration of the Court's May 2, 2018 opinion. (ECF No. 77). According to Defendant, the Court should reconsider its opinion denying Defendant's motion for a *Franks* hearing because the Court allegedly: (1) "disregarded key facts and legal decisions in concluding that Sergeant Scott Robb of the Pohatcong Police Department had not misrepresented his education, training, and experience in the search warrant [A]ffidavit;" and (2) "overlooked the biases of the witnesses who offered significant information against [Defendant] and the impact of that testimony within [Sergeant] Robb's Affidavit." (ECF No. 80 at 1).

## III. LEGAL STANDARD

The Court will reconsider a prior order only where a different outcome is justified by: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A court commits clear error of law "only if the record cannot support the findings that led to [the] ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (citations omitted).

## IV. DISCUSSION

Defendant sets forth two arguments in his motion for reconsideration, each of which the Court will address below.

A. **The Court Did Not Disregard Key Facts and Legal Decisions in Concluding That Sergeant Robb of the Pohatcong Police Department Had Not Misrepresented his Education, Training, and Experience in the Search Warrant Affidavit.**

Defendant first argues that the Court should reconsider its opinion denying Defendant's motion for a *Franks* hearing because the Court allegedly overlooked "the significant fact that [Sergeant] Robb lied about his lack of relevant experience and training."[1] (ECF No. 80 at 2). "'Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" *ABS Brokerage Servs.*, 2010 WL 3257992, at *5 (citations omitted).

Here, rather than present the Court with dispositive factual matters that were not considered on Defendant's motion for a *Franks* hearing, Defendant expresses disagreement with the Court's conclusion that Sergeant Robb did not misrepresent his education, training, and experience in the Affidavit. Although "[m]ere 'disagreement with the Court's decision' does not suffice" on a motion for reconsideration, *id.* at *6, the Court will discuss each of Defendant's contentions in turn.

Defendant avers that "the Court failed to consider that Sergeant Robb in his Affidavit also frequently refers to his 'training and experience' as well as his 'education and experience' . . . . [which] constituted nothing more than unreliable, untrustworthy boilerplate terms." (ECF No. 80 at 2). According to Defendant, such phrases constituted unreliable, untrustworthy boilerplate terms because Sergeant Robb admitted that Defendant's case "was his very first media-related

---

[1] Preliminarily, the Court notes that on the previous suppression motion, it found that Sergeant Robb acted in good faith such that the exclusion of evidence would not be appropriate. *See United States v. Baer*, No. 15-417, 2016 WL 4718214, at *12 (D.N.J. Sept. 9, 2016). The Court made this determination after examining the parties' submissions in detail and presiding over two days of hearings, during which Sergeant Robb was found to be credible.

3

child pornography investigation" and because in drafting the Affidavit, Sergeant Robb consulted with his colleagues that had experience in investigating child pornography matters. (*Id.* at 2-3).

These facts and this argument, however, were expressly considered and rejected by the Court in its May 2, 2018 opinion. More specifically, the Court held that:

> Although Defendant contends that "the flavor" of the Affidavit, including the use of the phrases, "based on my education," "based on my training," and "based on my experience" makes it appear as if Sergeant Robb had more education, training, and experience than he actually had, the Affidavit is clear.

*Baer*, 2018 WL 2045991, at *5. With respect to what the Affidavit set forth, which Defendant appears to have overlooked, (ECF No. 80 at 2), the Court explained that:

> Sergeant Robb testified that in addition to arrests, he gained experience in these types of matters from consulting with his colleagues, and "attending many schools and training seminars dealing in the investigation of crimes, processing of crime scenes[,] and recovery of evidence[.]" Indeed, Sergeant Robb listed the 18 schools and training seminars that he attended in the Affidavit, including in the areas of arrest, search and seizure, crime scene, recovery of evidence, and managing property and evidence, to which there is no dispute.

*Baer*, 2018 WL 2045991, at *5. Defendant disagrees with the Court's conclusion that an officer's education, training, and experience may be formed by participating in a variety of activities, (ECF No. 80 at 3), including by consulting with one's colleagues. Such disagreement does not warrant the Court's reconsideration of its opinion. *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6.

The same analysis applies to Defendant's argument that because Sergeant Robb had never personally investigated a child pornography case before, he necessarily lied when stating that "based on [his] education persons sexually attracted to younger children tend to collect and save child pornography in many forms such as computer image files. They also tend to keep addresses and phone numbers of contact[s] within the illegal world of child pornography." (ECF No. 80 at 5). Sergeant Robb acquired his education, training, and experience in a variety of ways, which the

Court found sufficient in its May 2, 2018 opinion. *See supra.* Accordingly, Defendant's argument is without merit.

Defendant also contends that "the Court never considered that Sergeant Robb's Affidavit for the search warrant in this case represents that he has been 'involved in approximately several hundred arrests, including, but not limited to, . . . [those for] endangering the welfare of children by possession of child pornography.'" (ECF No. 80 at 4). Defendant's contention is baseless. The Court's May 2, 2018 opinion explicitly states that:

> Paragraph 1 of the Affidavit describes Sergeant Robb's training, education, and experience, explaining that Sergeant Robb has "been involved in approximately several hundred arrests, including, but not limited to, most statutes covering New Jersey Criminal code 2C and more specifically in this matter, criminal homicide, and/or endangering the welfare of children by possession of child pornography."

*Baer*, 2018 WL 2045991, at *5. Although Defendant avers that "[t]he Court's Opinion does not recite or rely upon this language from the Affidavit," (ECF No. 80 at 4), the Court quoted this exact excerpt in its May 2, 2018 opinion. In fact, the Court analyzed this precise quotation and concluded that "Sergeant Robb did not testify inconsistently with the Affidavit's statement that he was involved in several hundred arrests in a variety of criminal cases under the New Jersey Code, that include this matter concerning child pornography." *Baer*, 2018 WL 2045991, at *5. Accordingly, Defendant's argument does not provide the Court with a basis to reconsider its opinion denying Defendant's motion for a *Franks* hearing.

Finally, Defendant avers that Sergeant Robb could not have been involved in several hundred arrests throughout his career because Defendant's independent research of the crime rate in Warren County concluded that there were only three murders in 2008 and that the homicide rate was negligible. (ECF No. 80 at 4; *see also* ECF No. 72 at 17-19). Sergeant Robb, however, did not claim to have been involved in several hundred arrests in homicide cases; rather, Sergeant Robb attested to being involved in "approximately several hundred arrests, including, but not

5

limited to, most statutes covering New Jersey Criminal code 2C and more specifically in this matter, criminal homicide, and/or endangering the welfare of children by possession of child pornography." (ECF No. 53-2 at 2). Notably, New Jersey Criminal code 2C is New Jersey's Code of Criminal Justice, which encompasses a variety of crimes. N.J. Stat. Ann. § 2C:1-1 et seq. Accordingly, the Court did not overlook Defendant's argument that "there is no way that Sergeant Robb told the truth about his law enforcement experience." (ECF No. 80 at 4). As such, the Court concludes that it did not disregard key facts and legal decisions in concluding that Sergeant Robb of the Pohatcong Police Department had not misrepresented his education, training, and experience in the search warrant Affidavit.

**B.    The Court Did Not Overlook the Biases of the Witnesses Who Offered Significant Information Against Defendant and the Impact of That Testimony Within Sergeant Robb's Affidavit.**

Defendant next argues that the Court should reconsider its opinion denying Defendant's motion for a *Franks* hearing because the Court allegedly overlooked "the significant fact that the Affidavit included mostly information from heavily biased witnesses who hated [Defendant.]" (*Id.* at 5). In support of his argument, Defendant summarily concludes that the credibility and the potential biases of two witnesses should have been considered by the Court. Nonetheless, in the Court's May 2, 2018 opinion, the Court held that:

> It is well-established that a substantial showing of the [witness's] untruthfulness is not sufficient to warrant a *Franks* hearing. The Supreme Court made clear throughout *Franks* that a substantial preliminary showing of intentional or reckless falsity *on the part of the affiant* must be made in order for the defendant to have a right to an evidentiary hearing on the affiant's veracity.

*Baer*, 2018 WL 2045991, at *4 (quoting *United States v. Brown*, 3 F.3d 673, 677 (3d Cir. 1993)). The Court also noted that "there is no obligation on the affiant police officers to provide information about the credibility of the witness[.]" *Id.* (quoting *United States v. Meehan*, No. 11-0440, 2013 WL 1875821, at *7 (E.D. Pa. May 6, 2013)) (citing cases).

6

Defendant makes no mention in his motion for reconsideration of the law cited by the Court.[2] Under such law, Sergeant Robb was under no duty to discuss in the Affidavit or further investigate the credibility or potential biases of the witnesses in this matter. Accordingly, the Court finds that it did not overlook the potential biases of the witnesses who offered significant information against Defendant and the impact of that testimony within Sergeant Robb's Affidavit, and will deny Defendant's motion for reconsideration.[3]

V. **CONCLUSION**

For the foregoing reasons, Defendant's motion is denied. An appropriate Order accompanies this Opinion.

DATED: August 8, 2018

**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] Defendant does not appear to cite to any law contrary to that cited by the Court to suggest that Sergeant Robb had a duty to discuss in the Affidavit or further investigate the credibility or potential biases of the witnesses in this matter.

[3] Although discussed in detail in the Court's May 2, 2018 opinion, the Court finds that it is worth reiterating the Court's conclusion that "even after removing any alleged false statements from or including any alleged omitted facts in the Affidavit, the Court still finds that the search warrant was based on probable cause, including because of the vast amount of electronic media found in Defendant's home, and the labels on such electronic media." *Baer*, 2018 WL 2045991, at *6 (citing cases). Here, Defendant's arguments pertain solely to Sergeant Robb's education, training, and experience, and the credibility and alleged biases of the witnesses in this matter. Defendant has raised no arguments pertaining to the Court's ultimate conclusion that even when taking into consideration these contentions, the search warrant was still based on probable cause. The Court notes that this fact alone arguably provides the Court with an independent basis on which to deny Defendant's motion for reconsideration.

7